UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RANDALL LEE and OKEY GRIMM, On Behalf of Themselves and All Others Similarly Situated,** | § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 4:13-cv-2088** |
| **V.** | § § | **JURY TRIAL DEMANDED** |
| **DISH NETWORK, L.L.C. and STOCKTON TELECOMMUNICATIONS, INC.** | § § § § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION

### SUMMARY

1.      Dish Network, L.L.C. and Stockton Telecommunications (hereinafter "Defendants") required and/or permitted their technicians to work in excess of forty (40) hours per week, but refused to compensate them for such hours at a rate of one and one-half times their regular rate of pay.  Technicians also were not compensated at the Fair Labor Standards Act (hereinafter "FLSA") required minimum wage.   Defendants accomplished this underpayment by misclassifying their technicians as independent contractors.

2.      Plaintiffs Randall Lee Okay Grimm are former employees of Dish Network, L.L.C. and Stockton Telecommunications, Inc..  Both worked as satellite installation technicians.  Plaintiffs were paid a piece rate basis but were not compensated at the premium rate of time and one half their derived regular rate of pay for all hours worked over forty. Plaintiffs also were not compensated at the FLSA required minimum wage.

3.      Plaintiffs fulfilled crucial roles for Stockton Telecommunications and Dish Network, L.L.C.  Technicians provide satellite dish installation services to provide Defendants' customers

1

with television service. Plaintiffs follow procedures and guidelines promulgated by Defendants. In performing such work, Plaintiffs are not exempt from the overtime requirements or the minimum wage requirements under the FLSA.

4.   Consequently, Defendants' conduct violates the FLSA, which requires non-exempt employees, such as the Plaintiffs, to be compensated for their overtime work at the federally mandated overtime rate and minimum wage rate. *See* 29 U.S.C. §§ 207(a), 206.

5.   Plaintiffs brings this collective action to recover unpaid overtime compensation and minimum wages owed to him and all other similarly situated technicians, current and former, of Defendants.  Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

6.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.   Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

8.   Plaintiff Randall Lee is an individual residing in Harris County, Texas.   His written consent to this action is attached hereto as Exhibit "A."

9.   Plaintiff Okey Grimm is an individual residing in Montgomery County, Texas.   His written consent to this action is attached hereto as Exhibit "B."

10.   The Class Members are:

> All current and former satellite installation technicians who worked for Defendants at any time during the three year period before this Complaint was filed up to the present.

11.     Defendant Dish Network, L.L.C. is a foreign limited liability company organized for profit under the laws of the state of Colorado and is headquartered at 9601 South Meridian Boulevard, Englewood, Colorado 80112.   Defendant may be served process through its registered agent CSC Lawyers Incorporation Services, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

12.     Defendant Stockton Telecommunications, Inc. is a foreign corporation organized for profit under the laws of the state of New Mexico and is headquartered at 1500 Renaissance NE, Suite G, Albuquerque, New Mexico 87107.   Defendant may be served process through its registered agent William T. Stockton, 1475 Avenue S. Suite 300, Grand Prairie, Texas 75050.

13.     This court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the state of Texas and have established minimum contacts sufficient to confer jurisdiction.   The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

14.     Defendants had and continue to have continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction.

15.     In particular, Stockton Telecommunications, Inc. maintains offices in Grand Prairie, Conroe, and El Paso, and employs technicians throughout the state of Texas.   Further, Dish Network, L.L.C. provides satellite television service to residents of the state of Texas.

16.     Defendant Dish Network, L.L.C. advertises to citizens of Texas.

17.     Both Defendants do business with the citizens and state of Texas.

18.     This cause of action arose from or relates to the contacts Defendants had with Texas, thereby conferring specific jurisdiction over Defendants as well.

19.     In particular, Defendants employed Texas residents and failed to pay them for all hours worked in accordance with the FLSA.  This claim is based on the exact contact that Defendants have had with the state of Texas.

## FLSA COVERAGE

20.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

21.     At all material times, Defendants have been enterprises within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

22.     At all material times, Defendants formed a joint employment relationship with respect to Plaintiff and Class Members.  That is, Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose, namely to provide customers with digital television entertainment services.  *See Mendez v. Timberwood Carpentry & Restoration, LLC*, Civ. A. No. H-09-490, 2009 WL 4825220, at *4 (S.D. Tex. Dec. 9, 2009).

23.     Defendants Stockton Telecommunications, Inc. and Dish Network, L.L.C. worked in tandem to provide digital television entertainment services to customers across the nation.

24.     Defendants controlled the hours to be worked by Plaintiffs and Class Members. Defendants also provided training to and directed the work of the Plaintiffs and Class Members. Defendants directed the daily routes of Plaintiffs and Class Members, maintained communication with Plaintiffs and Class Members, and received status updates concerning their work. Defendants also provided guidance on how each assigned task was to be performed by Plaintiffs and Class Members.  Plaintiffs and Class Members were provided equipment, uniforms, and badges by Defendants.

4

25.     Thus, Defendants formed a joint employment relationship and are each liable for the violations of the other.

26.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

27.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

28.     At all material times, Plaintiffs were employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## FACTS

29.     Defendant Stockton Telecommunications, Inc. is a nationwide telecommunications company with regional offices in New Mexico, Texas, California, Oklahoma, and Kansas. Stockton Telecommunications offers a broad range of telecommunication services including engineering, furnishing, installation, test/turn-up and maintenance for independent, commercial and government customers.

30.     Defendant Dish Network, L.L.C. is a digital television entertainment services provider. Through its affiliated companies, including Defendant Stockton Telecommunications, Inc., Dish Network provides digital television service to millions of customers across the nation.

31.     Defendants employ satellite installation technicians throughout the country.

32.     Defendants employ satellite installation technicians in at least 5 states in the United States.

33.     Defendants employ satellite installation technicians in at least 10 states in the United States.

34.    Defendants employ satellite installation technicians in at least 15 states in the United States.

35.    Defendants employ satellite installation technicians in at least 20 states in the United States.

36.    Defendants employ satellite installation technicians in at least 25 states in the United States.

37.    Defendants employ satellite installation technicians in at least 30 states in the United States.

38.    Defendants employ satellite installation technicians in at least 40 states in the United States.

39.    Defendants employ satellite installation technicians in all 50 states in the United States.

40.    Defendants have employed at least 25 satellite installation technicians during the three year period before this lawsuit was filed.

41.    Defendants have employed at least 50 satellite installation technicians during the three year period before this lawsuit was filed.

42.    Defendants have employed at least 75 satellite installation technicians during the three year period before this lawsuit was filed.

43.    Defendants have employed at least 100 satellite installation technicians during the three year period before this lawsuit was filed.

44.    Defendants have employed at least 150 satellite installation technicians during the three year period before this lawsuit was filed.

45.    Defendants have employed at least 200 satellite installation technicians during the three year period before this lawsuit was filed.

46.     Satellite installation technicians install satellite dishes for and provide technical support to Defendants' customers.

47.     Satellite installation technicians were paid on a piece rate basis.  Under this arrangement, Defendants paid a set fee for each installation or servicing assignment according to a fee schedule promulgated by Defendants.  This fee was the same regardless of the amount of time a job actually required to complete.

48.     Satellite installation technicians are not exempt from the overtime requirements of the Fair Labor Standards Act.

49.     Satellite installation technicians are not exempt from the minimum wage requirements of the Fair Labor Standards Act.

50.     Plaintiffs were employed by Defendants as satellite installation technicians.

51.     Plaintiffs were required to drive long distances to get to different customers they were dispatched to on a given day.  Due to the piece rate compensation system, the time spent traveling between jobs each day was not treated as compensable time by Defendants.  As a result, Plaintiffs were not paid for the time spent traveling to various residences during a workday.

52.     Upon arrival at their designated Stockton Office, Plaintiffs would pick up their work orders and the necessary equipment needed to perform the installation work.

53.     Plaintiffs were required to adhere strictly to Defendants' satellite dish installation procedures.

54.     Other satellite installation technicians performed these job functions and adhered to the Defendants' installation procedures as well.

55.     Defendant Dish Network, L.L.C. made house calls while satellite installation technicians were completing installation jobs.   Defendant Dish Network, L.L.C. reported customers' complaints to Defendant Stockton Telecommunications' field service managers.

56.     Defendants' routinely tested Plaintiff on certain installation tasks and procedures.

57.     Other satellite installation technicians were routinely tested on installation tasks and procedures.

58.     Other satellite installation technicians were paid on the same piece rate basis as Plaintiffs.

59.     Plaintiffs routinely worked over forty (40) hours a workweek but, because they were erroneously misclassified as independent contractors, they did not receive overtime compensation.

60.     Other satellite installation technicians also routinely worked more than forty (40) hours per workweek.

61.     Plaintiffs and Class Members were required to wear Dish Network uniforms and a Dish Network ID badge.

62.     Plaintiffs and Class Members drove vehicles emblazoned with Dish Network's corporate logo.

63.     Defendants did not compensate Plaintiffs at the rate of one and one-half their regular wage rate for all hours worked over forty in a workweek during at least one week in the last three years.

64.     Defendants also did not compensate Plaintiffs at the federal minimum wage rate for all hours worked in a week during at least one week in the three year period prior to the filing of this lawsuit.

65.     Defendants did not compensate other satellite installation technicians at the rate of time and one half of their regular wage rate for all hours worked over forty in a workweek.

66.     Defendants did not compensate other satellite installation technicians at the federal minimum wage rate for all hours worked in a workweek.

67.     Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

68.     Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and compensation at the federal minimum wage rate for all hours worked.   Plaintiffs worked and communicated with other satellite installation technicians.   As such, they have first-hand personal knowledge of the same pay violations throughout Defendants' multiple locations.

69.     Other employees similarly situated to the Plaintiffs work or have worked for Defendants, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.   Other employees similarly situated to the Plaintiffs worked or have worked weeks where they were paid less than the federal minimum wage rate for all hours in the workweek.

70.     Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).   Additionally, Defendants permitted and/or required the Class Members to perform work at pay rates less than the federal minimum wage.

71.     During the last three years before this Complaint was filed, Defendants paid their satellite installation technicians on a piece rate basis.    When the satellite installation technicians worked more than forty (40) hours per workweek, Defendants did not pay them the federally mandated overtime premium of one and one-half times their regular rate of pay.

72.     Defendants did not pay some satellite installation technicians the federal minimum wage rate for all hours worked in a workweek.

73.     The statement in paragraph 72 is true for at least 10 satellite installation technicians.

74.     The statement in paragraph 72 is true for at least 50 satellite installation technicians.

75.     The statement in paragraph 72 is true for at least 100 satellite installation technicians.

76.     The statement in paragraph 72 is true for at least 150 satellite installation technicians.

77.     The statement in paragraph 72 is true for at least 200 satellite installation technicians.

78.     The statement in paragraph 72 is true for at least 250 satellite installation technicians.

79.     The Class Members perform or have performed the same or similar work as the Plaintiffs.

80.     Class Members are not exempt from receiving overtime pay or pay at the federal minimum wage rate required under the FLSA.

81.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime.

82.     Defendants paid other satellite installation technicians under a similar compensation plan as Plaintiffs.

83.     Defendants have a job description for satellite installation technicians that accurately described the responsibilities of satellite installation technicians.

84.     Defendants' failure to pay its satellite installation technicians the required overtime premium for hours worked over forty (40) in a workweek and the federal minimum wage rate results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

85.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

86.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

87.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

88.     All Class Members, irrespective of their particular job requirements, are entitled to compensation at the federal minimum wage rate for all hours worked during a workweek.

89.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members by denying them their lawfully earned wages.

90.     As such, the FLSA opt-in class of similarly situated Plaintiff is properly defined as follows:

> **All current and former satellite installation technicians who worked for Defendants Stockton Telecommunications, Inc. and Dish Network, L.L.C. at any time during the three year period prior to the filing of this lawsuit.**

## VIOLATION OF 29 U.S.C. § 206

91.     Plaintiffs and Class Members incorporate all allegations contained in the foregoing paragraphs.

92.     Defendants' practice of failing to pay Plaintiffs and Class Members the federally mandated minimum wage violated the FLSA. See 29 U.S.C. § 206.

93.     None of the exemptions provided by the FLSA regulating the duty of employers to pay minimum wage are applicable to the Defendants or to the Plaintiffs and Class Members.

94.     Defendants' failure to pay the minimum wage to Plaintiffs and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## VIOLATION OF 29 U.S.C. § 207

95.     Plaintiffs and Class Members incorporate the preceding paragraphs by reference.

96.     Defendants' practice of failing to pay Plaintiffs and Class Members the overtime premium for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

97.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants, the Plaintiff, or the Class Members.

98.     Defendants' failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## VIOLATION OF 29 U.S.C. § 211(C)

99.    Plaintiffs and Class Members incorporate the preceding paragraphs by reference.

100.    Defendants failed to keep adequate records of Plaintiffs' and Class Members' work hours and compensation in violation of the FLSA.  29 U.S.C. § 211(c).

101.    Federal law mandates that an employer is obligated to maintain three (3) years of payroll records containing, among other things, the following information, pursuant to 29 C.F.R. §§ 516.2 and 516.5:

    a.   The time of day and day of week an employee's work begins;

    b.   The regular hourly rate of pay for any work week in which overtime compensation is due under 29 U.S.C. § 207(a);

    c.   An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.   The amount and nature of each payment, which, pursuant to 29 U.S.C. § 207(e) of the FLSA are excluded from the regular rate;

    e.   The hours worked each workday and the total hours worked each workweek;

    f.   The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium and overtime compensation;

    g.   The total premiums for overtime hours;

    h.   The total additions to or deductions from wages paid each pay period;

    i.   The dates, amounts, and nature of the items which make up the total additions and deductions;

    j.   The total wages paid each pay period;

    k.   The date of payment and the pay period covered by the payment.

13

102.   Defendants have not complied with the FLSA by failing to maintain such records with respect to Plaintiff and Class Members.

103.   Owing to the inaccuracies in Defendants' records, Plaintiffs and Class Members can meet their burden under the FLSA by proving that they performed work for which they were not compensated at the proper level and by a producing sufficient evidence to show the amount and extent of work "as a matter of just and reasonable inference."  *See, e.g., Anderson v. Mt. Clemens Pottery, Co.*, 328 U.S. 680, 687 (1946).

## WAGE DAMAGES SOUGHT

104.   Plaintiffs and Class Members are entitled to recover their unpaid minimum wages.

105.   Plaintiffs and Class Members are entitled to recover their unpaid overtime premiums.

106.   Plaintiffs and Class Members are entitled to an amount equal to all their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).

107.   Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA 29 U.S.C. § 216(b).

## JURY DEMAND

108.   Plaintiffs hereby demands trial by jury.

## PRAYER FOR RELIEF

109.   For these reasons, Plaintiffs and Class Members respectfully request judgment to be entered in their favor awarding them:

a.   Unpaid wages at least the federal minimum wage rate for all hours worked;

b.   Overtime compensation for all unpaid hours worked in excess of forty (40) at the rate of one and one-half times their regular rates;

c.   An equal amount as liquidated damages as allowed under the FLSA;

14

    d.   Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    e.   Such other relief to which Plaintiffs and Class Members may be entitled, in law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  _/s/ Galvin B. Kennedy_____
     Galvin B. Kennedy
     Gkennedy@kennedyhodges.com
     Texas State Bar No. 00796870
     711 W. Alabama St.
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFFS AND

OF COUNSEL:

Don J. Foty
dfoty@kennedyhodges.com
KENNEDY HODGES, L.L.P.
State Bar No. 24050022
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116